Judicial Assignment: Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MAPLE LEAF HOUSING INVESTMENTS, LLC, a Washington company,<br><br>Plaintiff,<br><br>vs.<br><br>TEXACO DOWNSTREAM PROPERTIES INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:18-cv-01710-RSL<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to the Court's Second Amended Order Regarding Initial Disclosures, Joint Status Report and Early Settlement dated February 19, 2019 (Dkt. # 25), Plaintiff Maple Leaf Housing Investments, LLC ("MLHI") and Defendant Texaco Downstream Properties Inc. ("TDPI"), collectively, the "Parties," submit the following joint status report and discovery plan.

   1. **Statement of the Nature and Complexity of the Case**

   MLHI alleges that TDPI is liable for hazardous substances at and potentially migrating from the property it owns located at 8815 and 8829 Roosevelt Way Northeast in Seattle, Washington ("Property"). MLHI alleges the hazardous substances were released at or from a

JOINT STATUS REPORT AND DISCOVERY PLAN — 1

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

gasoline service station owned and operated by Tidewater Associated Oil Company ("Tidewater"), a corporate predecessor of TDPI.  MLHI asserts claims against TDPI under Washington's Model Toxics Control Act, Chapter 70.105D RCW ("MTCA"), and Washington's Uniform Declaratory Judgment Act, Chapter 7.24 RCW.  MLHI is seeking an award of the remedial action costs it has already incurred and a judgment declaring that TDPI is liable for all future remedial action costs MLHI incurs in response to the hazardous substances.  TDPI denies that it is a liable party under MTCA, is otherwise liable to MLHI, and that MLHI is entitled to any relief.  Both parties seek attorneys' fees.

The parties anticipate that they will rely on experts to offer testimony on the alleged nature and extent of hazardous substances at the Property; the relationship, if any, between hazardous substances and the historic operations on the Property; remedial action costs incurred to date; anticipated future remedial actions; and the allocation of liability under MTCA.  However, due to the limited number of parties and anticipated witnesses, the case, as a whole, should be relatively straightforward.

**2.     Proposed Deadline for Joinder of Additional Parties**

The Parties propose that the deadline for joining additional parties be eight weeks after the Court enters a scheduling order pursuant to this joint status report.

**3.     Consent to Magistrate**

No.

**4.     Related Cases**

The Parties are unaware of any related cases pending in this or other jurisdictions.

**5.     Initial Disclosures**

The Parties have agreed to postpone initial disclosures until the Court rules on the Stipulated Motion to Stay Litigation Pending Environmental Investigation and Proposed Order (Dkt. # 29), dated March 26, 2019 ("Motion to Stay"), in which the Parties requested an

JOINT STATUS REPORT AND DISCOVERY PLAN — 2

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

extension of the initial scheduling deadlines. If the Court grants the Motion to Stay, initial disclosures will be made by the deadline ordered by the Court (the parties proposed August 9, 2019). If the Motion to Stay is denied, the Parties will make initial disclosures within 14 days after the denial. The Parties' disclosure and discovery schedule is summarized in Exhibit A.

**6.     Expert and Pretrial Disclosures**

The Parties propose the following expert disclosure schedule:

Expert Disclosures:           March 2, 2019;

Rebuttal Expert Disclosure:   May 4, 2019; and

Close of Expert discovery:    June 29, 2019.

**7.     Subjects, Timing, and Phasing of Discovery**

In the Motion to Stay, the Parties stipulate to stay all litigation activities, including discovery, in this case for 120 days from the date of entry of the order on the Motion to Stay, in order to facilitate the collection of data regarding the nature and extent of hazardous substances at and potentially migrating from the Property, and request that the Court enter an order consistent with the stipulation. Because the Court has not yet ruled on the Motion to Stay, and the litigation stay could potentially extend beyond the date the Parties intend if the Court does not set an outside date for the litigation stay, the Parties request that the Court, when it rules on the Motion to Stay, order that the litigation stay expire on August 9, 2019.

The Parties agree that the Federal and Local Civil Rules govern the scope, timing, and other limitations on discovery. At this time, the Parties anticipate seeking discovery, when the litigation stay expires, on: (1) the nature of Tidewater's alleged operations and legal relationship to and alleged control over the former gasoline service station; (2) the relationship between Tidewater and TDPI; (3) facts and expert opinions relating to the timing, source, nature, and extent of the hazardous substances on and potentially migrating from the Property, and (4)

JOINT STATUS REPORT AND DISCOVERY PLAN                    3

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

remedial action costs incurred and expected to be incurred at the Property, if any. The Parties will work together to identify facts that can be stipulated in order to limit the need for discovery.

The Parties' discovery schedule is summarized in Exhibit A to this joint status report.

**8.     Preservation of Discoverable Information**

The Parties and their attorneys are preserving evidence related to this case. The Parties have entered into an agreement to facilitate the collection of data regarding the nature and extent of the hazardous substances at and potentially migrating from the Property and will continue to cooperate in the collection of such data.

**9.     Electronically Stored Information**

This case involves electronically stored information ("ESI"). However, the nature and limited volume of the ESI do not necessitate the adoption of any procedures specifically tailored to ESI.

**10.    Unique or Extensive Claims of Privilege or Work Product**

This case does not present unique or extensive claims of privilege or work product.

**11.    Inadvertent Disclosure of Privileged Information**

The Parties intend to enter into a clawback agreement upon expiration of the litigation stay requested in the Motion to Stay or upon the Court's denial of the Motion to Stay. The clawback agreement will provide that the inadvertent disclosure of privileged documents does not constitute waiver of privilege or work-product protection, and that the receiving party must comply with any request that the inadvertently disclosed documents be returned or destroyed.

**12.    Changes to Limitations on Discovery**

The Parties do not request any changes to or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure.

JOINT STATUS REPORT AND DISCOVERY PLAN — 4

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

### 13. Discovery Completion Date

Assuming the Court issues a ruling approving the litigation stay requested in the Motion to Stay, the Parties can complete discovery in accordance with the following deadlines:

Non-Expert Discovery can be completed by January 31, 2020.

Expert discovery can be completed by June 29, 2020.

### 14. Suggestions for Prompt Resolution of Case

The Parties have no specific recommendations for prompt case resolution but will identify potentially dispositive issues that can be resolved promptly by motion practice.

### 15. Alternative Dispute Resolution

Currently, the Parties do not plan to participate in formal alternative dispute resolution.

### 16. Month Case Will be Ready for Trial

The Parties anticipate the case will be ready for trial in September 2020.

### 17. Jury

Plaintiff filed a jury demand. Defendant contends that MTCA does not provide a right to a jury trial. The Parties believe this issue may be addressed at a future status conference or a pre-trial conference with additional briefing on the matter if requested by the Court.

### 18. Number of Trial Days

The Parties anticipate that five trial days will be sufficient to try this case.

### 19. Corporate Disclosure Statement

TDPI filed its corporate disclosure statement on December 6, 2018.

MLHI filed its corporate disclosure statement on March 26, 2019.

### 20. Dates on Which Trial Counsel May have Conflicts

Counsel for MLHI will be unavailable in August 2020.

JOINT STATUS REPORT AND DISCOVERY PLAN

5

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

Respectfully submitted this 18th day of April, 2019.

VERIS LAW GROUP PLLC

By /s/David F. Stearns
Howard F. Jensen, WSBA #25144
David F. Stearns, WSBA #45257
howard@verislawgroup.com
david@verislawgroup.com
*Attorneys for Maple Leaf Housing Investments, LLC*

ROGERS JOSEPH O'DONNELL, PC

By: /s/ *Robert C. Goodman*
Robert C. Goodman, WSBA No. 49144
E. Jacob Lubarsky, WSBA No. 52992
Jon-Erik Magnus, WSBA No. 54691
311 California Street, 10th Floor
San Francisco, CA 94104
rgoodman@rjo.com
jlubarsky@rjo.com
jmagnus@rjo.com
*Attorneys for Texaco Downstream Properties Inc.*

I attest that concurrence in the filing of this document has been obtained from Jon-Erik Magnus, counsel for Texaco Downstream Properties Inc.

Dated this 18th day of April, 2019

VERIS LAW GROUP PLLC

By /s/David F. Stearns
David F. Stearns, WSBA #45257

JOINT STATUS REPORT AND DISCOVERY PLAN

6

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245

489061.2

## Exhibit A – Parties' Proposed Discovery and Case Management Schedule

*Maple Leaf Housing Investments, LLC v. Texaco Downstream Properties Inc.*

| | |
|---|---|
| Initial Disclosures | August 9, 2019, or if Motion to Stay is denied, within 14 days of denial |
| Commencement of Party Discovery | August 9, 2019, or if Motion to Stay is denied, within 14 days of denial |
| Close of Non-Expert Discovery | January 31, 2020 |
| Expert Disclosures | March 2, 2019 |
| Rebuttal Expert Disclosures | May 4, 2020 |
| Close of Expert Discovery | June 29, 2020 |
| Deadline to File Dispositive Motions/Summary Judgment Cutoff | August 7, 2020 |

JOINT STATUS REPORT AND DISCOVERY PLAN

7

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245
489061.2

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert C. Goodman
Edward J. Lubarsky
Jon-Erik Magnus
ROGERS JOSEPH O'DONNELL, PC
311 California Street, 10th Floor
San Francisco, CA 94104
415-956-2828
rgoodman@rjo.com
jlubarsky@rjo.com
jmagnus@rjo.com

☐ Overnight Delivery via Fed Ex
☐ First Class Mail via USPS
☐ Hand-Delivered via ABC Legal Messenger
☐ Facsimile
☒ E-mail / CM/ECF USDC WAWD

Dated at Seattle, Washington, this 18th day of April, 2019.

Sarah Kern, Legal Assistant

CERTIFICATE OF SERVICE — 8

Veris Law Group PLLC
1809 Seventh Avenue, Suite 1400
Seattle, Washington 98101
TEL 206.829.9590 FAX 206.829.9245
489061.2